UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL CASE NO. |
| v. | : | 13–CR–229 (JCH) |
| | : | |
| JONATHAN BOHANNON, | : | APRIL 11, 2017 |
| Defendant. | : | |

**RULING RE: MOTION REGARDING DEFENDANT'S CLAIM OF SELECTIVE PROSECUTION (DOC. NO. 703)**

On February 17, 2017, defendant Jonathan Bohannon ("Bohannon") filed a document styled a "Motion Regarding Defendant's Claim of Selective Prosecution." See generally Mot. Regarding Def.'s Claim of Selective Prosecution ("Motion") (Doc. No. 703). The government has responded to the Motion, asserting that Bohannon cannot establish a prima facie selective prosecution claim, see Govt.'s Response to Def.'s Claim Regarding Selective Prosecution ("Response") (Doc. No. 707) at 1, and that he was not improperly treated differently from his codefendants, see Response at 1–3.

Bohannon and the government agree that, to establish a prima facie case of selective prosecution, an individual must establish:

> (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against [the defendant], he has been singled out for prosecution, and (2) that the government's discriminatory selection of [the defendant] for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.

See United States v. Fares, 978 F.2d 52, 59 (2d Cir. 1992) (quoting United States v. Moon, 718 F.2d 1210, 1229 (2d Cir. 1983)); see also Motion at 1; Response at 1. The parties further agree that Bohannon cannot satisfy these requirements. See Motion

1

at 1; Response at 1. That being the case, to the extent Bohannon's Motion asserts a selective prosecution claim or defense, it is denied.

To the extent Bohannon's Motion is intended to effectuate his "wish[ ] to bring [certain issues] to the [c]ourt's attention," see Motion at 1–2 (noting further that he "would like to alert this [c]ourt that he is not trying to waste this [c]ourt's time"), he is advised that the court has reviewed his Motion as well as the government's Response. To the extent that these issues relate to what plea offer he has or has not received, such matters are not within the purview of the court. See Fed. R. Crim. P. 11(c)(1) ("An attorney for the government and the defendant's attorney . . . may discuss and reach a plea agreement. The court must not participate in these discussions. . . .").

In light of the foregoing, Bohannon's Motion is **DENIED**.

**SO ORDERED.**

Dated at New Haven, Connecticut, this 11th day of April, 2017.

            __/s/ Janet C. Hall_____
            Janet C. Hall
            United States District Judge